**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 23-90-DLB**

**DAVID CHANNING OILER**                                                    **PETITIONER**

**VS.**                          <u>**MEMORANDUM ORDER**</u>

**WARDEN LEMASTER**                                            **RESPONDENT**

*** *** *** ***

Federal inmate David Oiler filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons (BOP) incorrectly determined that he is ineligible to earn First Step Act (FSA) time credits. (Doc. # 1). The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a Response in Opposition to Oiler's Petition. (Doc. # 6). Oiler then filed a Reply. (Doc. # 8). Thus, this matter is now ripe for a decision.

The Court has fully reviewed the parties' submissions and will deny Oiler's request for relief. Petitioner Oiler was convicted of multiple federal crimes in the District of South Carolina, including, but not limited to, racketeering in violation of 18 U.S.C. § 1962(d), narcotics conspiracy in violation of 21 U.S.C. §§ 841 and 846, money laundering in violation of 18 U.S.C. § 1956(a), and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). (*See* Docs. # 6 and 6-1). Oiler was sentenced to a total of 200 months imprisonment. (*See id.*).

The Court recognizes that the FSA allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense. And that statute specifically includes possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) as one such disqualifying offense. *See id.* at § 3632(d)(4)(D)(xxii). Given Oiler's conviction under § 924(c), the BOP determined that he was ineligible to earn FSA time credits. (*See* Doc. # 6-1 at 33).

Oiler does not dispute the foregoing facts. Instead, Oiler suggests that he is not yet serving time for his § 924(c) conviction. (*See* Docs. # 1 and 8). His argument is misplaced. Title 18, U.S. Code Section 3584(c) provides that the BOP shall aggregate multiple prison sentences "for administrative purposes," and many courts, including this one, have upheld the BOP's decision to aggregate sentences for FSA time credit purposes. *See, e.g., Ledford v. LeMaster*, No. 0:23-cv-030-DLB, 2023 WL 2905376 (E.D. Ky. 2023); *Keeling v. LeMaster*, No. 0:22-cv-096-GFVT, 2022 WL 17407966 (E.D. Ky. 2022). For this reason, the BOP acted within its discretion in determining that Oiler was ineligible to earn FSA credits.

Accordingly, it is **ORDERED** as follows:

(1)   Oiler's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2)   This action is **STRICKEN** from the Court's docket; and

(3)   The Court will enter a corresponding Judgment.

This 20th day of December, 2023.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\PSO Orders\0-23-90 Oiler Memorandum.docx